**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**GUILLERMO RUIZ,**

        **Petitioner,**

**v.**                                                    **Civil Action no. 5:07cv55**
                                                                        **(Judge Stamp)**

**WARDEN R. MARTINEZ,**

        **Defendants**

## REPORT AND RECOMMENDATION

On April 27, 2007, the *pro se* petitioner filed a Motion for Writ of Habeas Corpus Pursuant to the Authority of 28 U.S.C. § 2241. In the petition, the petitioner asserts that the respondent has willfully and knowingly refused to produce the Bond in a criminal case number "97-00099-CR-DLG Autocris/CUSPID No. 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-248458589," in violation of his fiduciary duties. (Doc. 1-1, p. 1). Therefore, the petitioner requests that the District Court and the U.S. Attorney Office produce the bond "for full settlement and closure of the Account." (Doc. 1-1, p. 2).

On June 8, 2007, the petitioner paid the required filing fee. Consequently, the undersigned conducted a preliminary review of the file on September 11, 2007, and determined that summary dismissal of the petition was not warranted at that time. Therefore, the respondent was directed to file a response. The respondent did so on October 10, 2007, by filing a Motion to Dismiss and/or Change of Venue. A Roseboro Notice issued the next day. As of the date of this Report and Recommendation, although the petitioner has submitted multiple "Notices," he has not filed a reply to the Motion to Dismiss. Accordingly, this case is before the undersigned for a report and recommendation on the respondent's Motion to Dismiss.

A petition for writ of habeas corpus under 28 U.S.C. § 2241 provides the appropriate avenue

to challenge the manner in which a sentence is being executed. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). Moreover, a § 2241 petition must be brought against the petitioner's custodian. See Rumsfield v. Padilla, 542 U.S. 426, 434-35 (2004) (the writ of habeas corpus acts upon the person with the ability to produce the prisoner's body before the habeas court, therefore, the only proper respondent is the petitioner's custodian); Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 494 (1973) ("[a] writ of habeas corpus does not act upon the prisoner who seeks habeas relief, but upon the person who holds him in...custody").

In this case, the petitioner does not challenge the manner in which his sentence is being executed. Instead, the petitioner requests "the District Court and the U.S. Attorney Office to produce the Bond for full settlement and closure of the Account as the account is pre-paid and Exempt from Levy." (Doc. 1-1, p. 2). In addition, although the petitioner asserts that the respondent has refused to produce the bond, thereby insinuating that the bond is in the respondent's possession, it is clear that the Warden of the petitioner's place of incarceration, would not hold any bond issued in the petitioner's underlying criminal proceedings held in federal court. Rather, any such documentation would be held by the Court, the United States Attorney's Office, or the Probation Office In the district in which the petitioner was convicted and sentenced.[1] Accordingly, the undersigned finds that the petitioner's claims are not properly raised under § 2241, and the petition is due to be dismissed.

Additionally, although the respondent seeks to alternately transfer this case to the district of conviction, the undersigned does not believe such a transfer would be appropriate. As the respondent's memorandum notes, the petitioner filed a pleading in the sentencing court which was

---

[1] The petitioner was convicted and sentenced in the United States District Court for the Southern District of Florida.

forwarded to the United States Attorney in the District and the Honorable Judge Donald L. Graham, District Judge therein, seeking the release of bond monies. On May 8, 2006, Judge Graham issued an Order that the "Motion for Return of Funds Held by Cuspid is Denied without prejudice. The Defendant must provide the correct 'cause number' and identify the stock or securities used to secure his bond, if any." (Doc. 1-3, p. 5). Therefore, it is clear that the petitioner has already sought and been denied relief in the sentencing court. Nothing contained in the § 2241 petition filed with this court appears to satisfy the directives of Judge Graham's Order. Accordingly, to the extent that the petitioner wishes to pursue further relief in the sentencing court he should file an appropriate pleading directly with that court and provide the information outlined in Judge Graham's Order.

## RECOMMENDATION

In consideration of the foregoing , it is recommended that the respondent's Motion to Dismiss and/or for Change of Venue (Doc. 16) be **GRANTED in part** and **DENIED in part**, and the Petition for Writ of Habeas Corpus (Doc. 1) be **DISMISSED WITH PREJUDICE**. It is further recommended that the petitioner's Motion for a Supoena Duces Tecum (Doc. 20) be **DENIED AS MOOT**.

Any party may file within ten (10) days of the date of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy to counsel of record via electronic means.

DATED: July 2, 2008

                                             /s/ James E. Seibert
                                             **JAMES E. SEIBERT**
                                             **UNITED STATES MAGISTRATE JUDGE**