IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GUILLERMO RUIZ,

    Petitioner,

v.                                             Civil Action No. 5:07CV55
                                                    (STAMP)

WARDEN R. MARTINEZ,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
GRANTING IN PART AND DENYING IN PART
RESPONDENT'S MOTION TO DISMISS
AND/OR FOR CHANGE OF VENUE,
DENYING AND DISMISSING WITH PREJUDICE
PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS,
DENYING AS MOOT PETITIONER'S
MOTION FOR SUBPOENA DUCES TECUM
AND DENYING AS MOOT
PETITIONER'S PETITION FOR WRIT OF MANDAMUS**

I.  Procedural History

On April 27, 2007, the petitioner filed a § 2241 habeas corpus petition, in which he asserts that the respondent has willfully and knowingly refused to produce the bond in the underlying criminal proceedings that led to the petitioner's incarceration. This matter was referred to United States Magistrate Judge James E. Seibert for report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09. In response to an order to show cause, entered by the magistrate judge on September 11, 2008, the respondent filed a motion to dismiss, or, alternatively, a motion for a change of venue. The magistrate judge then issued a

Roseboro notice informing the petitioner of his right to file a responsive pleading and alerting the petitioner that failure to respond could result in the entry of an order of dismissal against him. The petitioner filed no response.[1]

Subsequently, the petitioner filed a letter motion for subpoena duce tecum. Following that motion, he filed a petition for a writ of mandamus to direct the magistrate judge to schedule an evidentiary hearing and to decide the § 2241 petition.

Magistrate Judge Seibert entered a report and recommendation on July 2, 2008. The magistrate judge recommended that the respondent's motion to dismiss, or, alternatively, for change of venue, be granted to the extent that it seeks dismissal of the action and denied to the extent that it seeks a change of venue; that the petitioner's § 2241 be dismissed with prejudice because a § 2241 is not the proper avenue for obtaining the relief the petitioner seeks; and that the petitioner's motion for subpoena duces tecum be denied as moot.[2]

In his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written

---

[1] The petitioner did, however, file a number of "notices."

[2] The report and recommendation, properly, does not address the petition for a writ of mandamus.

2

objections within ten days after being served with a copy of the report. The petitioner filed no objections.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner did not file objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

This Court concludes that the magistrate judge's findings are not clearly erroneous. The proper purpose of a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is to challenge the manner in which a sentence is being executed. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). Such petitions must be brought against the petitioner's custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (the writ of habeas corpus acts upon the person with the ability to produce the prisoner's

body before the habeas court; therefore, the only proper respondent is the petitioner's custodian).

Here, the petitioner seeks production and settlement of a bond that the petitioner alleges he posted in the underlying criminal action in the United States District Court for the Southern District of Florida. The relief the petitioner seeks does not in any way relate to the manner in which his sentence is being executed. Further, such a bond, if it exists, would not be in the possession of the respondent or the petitioner's place of incarceration. Therefore, this Court agrees with the magistrate judge's conclusion that a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is not the proper avenue for obtaining the relief the petitioner seeks. This Court also agrees that dismissal of this action, rather than transfer to another venue, is appropriate. Accordingly, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## IV. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge in its entirety. Accordingly, the respondent's motion to dismiss, or, alternatively, for change of venue, is GRANTED IN PART and DENIED in PART. Specifically, the respondent's motion is GRANTED to the extent that it seeks dismissal of the

4

action and it is DENIED to the extent that it seeks a change of venue.  Further, the petitioner's § 2241 is DENIED and DISMISSED WITH PREJUDICE and the petitioner's motion for subpoena duces tecum is DENIED AS MOOT.  In light of the magistrate judge's issuance of a report and recommendation on July 2, 2008, it is ORDERED that the petitioner's petition for writ of mandamus be DENIED AS MOOT.  It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein.

DATED:    August 15, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE